FILED
CLERK
4/24/2023 1:11 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dana-Simone Williams,<br><br>Plaintiff,<br><br>v.<br><br>The Law Offices of Frederick K. Brewington, et al.,<br><br>Defendants. | Docket #CV-22-983 (GRB)(AYS)<br><br>United States Courthouse<br>Central Islip, New York<br>April 12, 2023<br>11:00 a.m. |

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiff:

Taylor Crabill, Esq.
Faruqi & Faruqi, LLP
685 Third Ave-26th Fl.
New York, NY 10017

Alex J. Hartzband, Esq.
Faruqi & Faruqi, LLP
685 Third Ave-26th Fl.
New York, NY 10017

For The Defendants:

Frederick K. Brewington, Esq.
Law offices of Frederick K. Brewington
556 Peninsula Blvd.
Hempstead, NY 11550

David N. Yaffe, Esq.
Hamburger & Yaffe, LLP
191 New York Ave.
Huntington, NY 11743

**Audio Operator:**

**Transcribing Firm:** **Writer's Cramp, Inc.**
**1027 Betty Lane**
**Ewing, NJ 08628**
**609-588-8043**

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

(Proceeding in progress)

THE CLERK: -- vs. The Law Offices of Frederick K. Brewington, et al. Please state your appearances for the record.

MR. CRABILL: Good morning, Your Honor. Taylor Crabill for the Plaintiff, Dana-Simone Williams.

MR. HARTZBAND: Good morning, Your Honor. Alex Hartzband, Faruqi & Faruqi, also for the Plaintiff.

THE COURT: Good morning.

MR. YAFFE: Good morning, Your Honor. David Yaffe for the Defendants.

MR. BREWINGTON: Good morning, Your Honor. Fred Brewington for Fred Brewington and the Law Offices of Frederick K. Brewington and Ms. Lockett.

THE COURT: Good morning. So everybody can stay seated. It's better that way so that if you speak into the mike, the recording will pick it up more efficiently. So, I've called you in to talk about the discovery issue that you all are having. It's my impression that what we're talking about here is discovery over -- to get to the issue of whether or not there are enough employees to be covered by Title 7, right? And without getting into, you know, the particulars of whether that is true or not, what we're talking about is discovery. And I'm sure that the Defendants, what you're thinking of is ultimately making a Motion to -- for Summary

Judgment on the Title 7 claims on the ground that there's not a sufficient number of employees, is that right?

MR. YAFFE: That's correct, Your Honor, on the --

THE COURT: Okay.

MR. YAFFE: -- ground that the Defendant law firm is not -- and the individual Defendants are not employers under the governing statute.

THE COURT: Right. And there's no agreement as -- there's an agreement as to counting some people but not all people. There's an issue as to whether we're counting an intern. And, you know, you've got to get very much into the weeds on this issue because you've got to -- it's the 20 weeks. It doesn't have to be continuous. It goes back for the number of years that are the Statute of Limitations. Let me ask first. There's no agreement between the parties here that you're going to say, "Okay. We're going to look at one year and be bound by that." Is it correct to say there is no such agreement?

MR. CRABILL: That's correct, Your Honor.

THE COURT: Okay. So you're going to have to do the discovery for the three years prior to the Statute of Limitations? I'm sorry, go ahead.

MR. YAFFE: It's a two-year period.

THE COURT: I'm sorry.

MR. YAFFE: But sorry, Your Honor.

THE COURT: Okay. No, I misspoke. Do you agree, two years?

MR. CRABILL: Yes, Your Honor.

THE COURT: Okay. So you agree that you're going to have to do discovery in all of that. So, I mean, from the point of view of the Defendants making the motion, you certainly don't want to be in a position where you're making a motion, and the response from the other side is, "Well, we can't tell because we didn't get enough discovery." And since we're only talking about, you know, 15 at most, and we're not even talking about 15 employees. We're talking about a very limited number of employees that are at issue, then I don't see -- when we're talking about proportionality, I don't see that it's a burden on the Defendants to just give the Plaintiffs, really, everything they want. And if you say that you don't have a document, that's okay too. Put it in the form of, like, an interrogatory response that is sworn to saying exactly that you don't have something that you swear to it.

But other than that, I'm not limiting anything because I think it's in the best interest of everybody to have all of this discovery done and not to bicker about it. And frankly, I'm seeing bickering, and I'm not even going to look at, you know, to go into this "he said, she said" in your letters. "No, you didn't call me back. I didn't hear from you. You

hung up on me." Not -- I'm not talking about that at all. I'm just saying let's give the Plaintiff everything they want. If you don't have it, swear that you don't have it so that you're in a position to make a motion, and you want to make the motion. You don't want the other side being able to say, "Well, we don't have it." And when you do make this motion, I'm thinking you should put it in charts because if I had to decide this, I would need a chart.

But other than that, that's sort of my ruling is you're getting everything that you want because I don't see, when we're talking about proportion, it being too much to get. And if you don't have it, swear that you don't have it.

MR. CRABILL: Thank you, Your Honor.

THE COURT: How much time do we need to finish this?

MR. YAFFE: I'd like -- before I answer the time question, Your Honor --

THE COURT: Okay.

MR. YAFFE: -- I'd like to be crystal clear from Plaintiffs --

THE COURT: Okay.

MR. YAFFE: -- which individuals --

THE COURT: Okay.

MR. YAFFE: I want the names of each individual for whom they're seeking additional discovery from the Defendants so that we have precision, and we don't have an ongoing moving

target.

THE COURT: Okay. And by the way, that can include somebody that there's talk about an intern. I'm not saying what the law is, and I'm not seeing clarity on that law. But you got to include everybody. So who are the names? Can you say them now --

MR. CRABILL: We --

THE COURT: -- without telling me you already told them?

MR. CRABILL: Sure, Your Honor.

THE COURT: If that's your position, just say them now.

MR. CRABILL: There are several people at issue. I can follow up with Defense counsel in an e-mail specifying --

THE COURT: I don't know --

MR. CRABILL: -- who they are.

THE COURT: -- if you can.

MR. CRABILL: For --

THE COURT: That's why you're here.

MR. CRABILL: No problem, Your Honor. There is an attorney that works at the Brewington Law Firm named Oscar Holt who is listed as "of counsel."

THE COURT: Just say the names.

MR. CRABILL: And Cory Morris is also an attorney who has done work for the firm, Steve Tanenbaum. Those are

the attorneys. And then for the interns, we have Mathahi Matilda -- oh, Matilda Warren, Cobia Powell, Alexis Epstein, Christina Negri.

THE COURT: Spell the last name.

MR. CRABILL: N-E-G-R-I. Dennis Swanson. Yes, Yulia Marshak. That's M-A-R-S-H-A-K. Eric Graff.

THE COURT: What was the first name of the Marshak person?

MR. CRABILL: Yulia, Y-U-L-I-A. Next person, Erik, with a K at the end, Graff, two Fs. Gulfam Dhillon. That's G-U-L-F-A-M. Dhillon, D-H-I-L-L-O-N. Just double checking. Itohen Ihaza.

THE COURT: Spell.

MR. CRABILL: I-T-O-H-E-N, I-H-A-Z-A.

MR. YAFFE: Could you say that one again?

MR. CRABILL: Sure. It's I-T-O-H-E-N, last name, I-H-A-Z-A. Those are the names, Your Honor.

THE COURT: Okay. So the Defendants will produce the information without making any legal argument as to why they should or should not be included. That'll be reserved for any motion, okay?

MR. CRABILL: I'm sorry, Your Honor. We actually do have one more name. There's an IT person that also works at the --

THE COURT: Okay.

MR. CRABILL: -- that performs work for the firm. Let me just track down his name. I'm sure -- I don't know if Defendants have that name handy, but I can try to find it.

THE COURT: Let me ask Defendants. Do you know who he's talking about, IT person?

MR. YAFFE: He's talking about the Allen Babcock. Alan Babcock.

MR. CRABILL: Yeah.

THE COURT: Okay. Okay. How fast can we get this done so we can --

MR. BREWINGTON: Your Honor --

THE COURT: -- move on?

MR. BREWINGTON: -- the majority of these have all been responded to. We provided them the documentation --

THE COURT: Okay.

MR. BREWINGTON: -- on --

THE COURT: So --

MR. BREWINGTON: I can just --

THE COURT: Let's --

MR. BREWINGTON: -- give --

THE COURT: Let's do this. With respect -- go down one at a time --

MR. BREWINGTON: Yes.

THE COURT: -- and then say, for example, "With respect to Oscar Holt, the Defendants have produced all

documents in their possession, custody, and control," and do it one at a time. And then, you know, swear to it.

MR. CRABILL: Your Honor, if I could just be heard on that? During the deposition that Mr. Brewington sat for, 30(b)(6) in connection with this issue, he testified as to a number of documents that he reviewed in order to be able to provide that testimony.

THE COURT: Okay.

MR. CRABILL: Those documents are largely contained in the personnel files and the office manager files that the firm maintains. I'm sure there are documents in other places. Maybe they're stored electronically. There have been very limited documents produced in connection with certain interns. And actually, as to two employees as well, some of the documents, such as offer letters or resignation letters, appear to, you know, appear to be the type of documents that were contained in the personnel files. I believe there may have been testimony that those type of documents are contained in the personnel files. But there hasn't been production of any documents as to Holt or, you know, full production of personnel files or office manager files.

THE COURT: Okay. Let me ask Defendant. Are these documents that you will produce or that you are saying you don't have to have them or you will not produce them?

MR. BREWINGTON: There are -- there is no file for

Mr. Holt.

THE COURT: Do you have documents that have been requested with respect to -- let's -- I'm just using Mr. Holt for an example. But if there was a document referred to at the deposition -- let me ask the Plaintiff. Did the Plaintiff make a request on the record or a formal follow-up request for such documents?

MR. CRABILL: We did follow up after the deposition with a formal request.

THE COURT: Okay.

MR. CRABILL: With respect to Mr. Holt, the kind of documents we're seeking is if there's any sort of employment agreement or arrangement, independent contractor agreement.

THE COURT: Okay. So post-deposition, more than just on the record, post-deposition you served, post-deposition document requests?

MR. CRABILL: That's right, Your Honor.

THE COURT: Okay. And have you received formal responses to those?

MR. CRABILL: We have received formal written responses.

THE COURT: Okay.

MR. CRABILL: But we have received only very limited documents. And it's largely refusal to produce documents in response to most of the requests.

THE COURT: So if the documents exist -- but it's fine to not produce them if you have a reason why you're not producing them. For example, if it's privileged, then you may need a privilege log. But if not, they need to be produced because I think we've already discussed the issue of proportionality. So I think that they're all in the scope of discovery. So if you need to take another look, take another look. If they don't exist, then say so.

MR. YAFFE: Okay. Your Honor, with respect to that and with respect to the notion of proportionality, which is very important to us, I just want to raise the issue that the Plaintiff had demanded every e-mail that every one of these individuals was involved in in anyway in -- within the office regarding things they might have been working on or not working on or whatever, wherever their name popped up. And for us --

THE COURT: I'm hearing right now -- obviously, that is a proportionality argument. But what I'm hearing now is a request for personnel files --

MR. YAFFE: Okay.

THE COURT: -- offer letters, termination letters, resignation letters because that's what you want, right?

MR. CRABILL: Yes, Your Honor.

THE COURT: You don't won't want every e-mail that they were ever on?

MR. CRABILL: Of course not, Your Honor.

THE COURT: Okay.

MR. CRABILL: We're looking --

MR. YAFFE: Okay. Thank you for clarifying that.

THE COURT: Okay, okay. All right. So it's clear what you want, I think --

MR. CRABILL: I believe so, Your Honor, from the requests and --

THE COURT: -- you know, without, you know, making document requests that are including but not limited to what you want. You want any documents evidencing their -- the beginning of employment, the end of the employment, right? How many hours they worked there. That's the kind of thing?

MR. CRABILL: Yes, in connection with --

THE COURT: So you ought to be able to work together. You're in here today because it sounded like you were not able to.

MR. CRABILL: That's right, Your Honor. And I'd just add to that. In addition to documents related to the beginning and end of employment, also documents related to -- and again, we can specify this to specific individuals about their employment relationship with the firm, the amount of control that the Defendants have --

THE COURT: And that would be like a contract of employment. And if it's -- if there's something confidential

about that, I think you probably have a Confidentiality Order here. If it's something that has somebody's Social Security Number in it, that would be blocked out, things --

MR. CRABILL: Right.

THE COURT: -- like that. But that's what we're getting at here, and it shouldn't be hard.

MR. CRABILL: Hopefully not, Your Honor. The one thing -- Your Honor, the one thing that I'd add, opposing counsel mentioned e-mails. For example, e-mails may be relevant in connection with this --

THE COURT: Well, if it's a resignation e-mail but not every e-mail that the person's name was on. Sometimes, we copy people in everything.

MR. CRABILL: Of course not, Your Honor.

THE COURT: And sometimes, we continue to copy people, even though they don't work there anymore.

MR. CRABILL: That is true. It happens --

THE COURT: And it happens --

MR. CRABILL: -- from time to time.

THE COURT: -- everyday. So we're not going to be as a broad as every e-mail that had the person's name on it, but you'll do a search. And if you've got, you know, an offer of employment or a resignation letter or, you know, "You are beginning this day, and you're starting your payroll on X day," that's the kind of thing that you want to know --

MR. CRABILL: Sure.

THE COURT: -- again, because then the Defendant, you want to be able to make that motion. And you certainly don't want the other side saying, "We'd love to respond to that, but you've withheld documents." Let's -- that's what we're avoiding, right? I'm not deciding the issue. We're talking about discovery.

MR. CRABILL: Yes, Your Honor.

THE COURT: Everything else is above my paygrade and my floor, okay? Okay, we're good?

MR. CRABILL: Yes, Your Honor.

THE COURT: Oh, timing. Let me ask the Defendants.

MR. YAFFE: We would ask for 30 days for that, Your Honor. Mr. Brewington is about to start a trial. I probably will have several --

THE COURT: All right.

MR. YAFFE: -- during that --

THE COURT: I'm going to --

MR. YAFFE: -- 30-day period.

THE COURT: -- hold you to it because it's a '22 case, but it's an early '22. I'm just flipping over the page to see it's Judge Brown. I think he's particular about getting things trial-ready on time. So let's get this piece done.

MR. BREWINGTON: And Judge --

THE COURT: All right?

MR. BREWINGTON: -- we'll try to get it done sooner rather than later.

THE COURT: Yes. That's why I was saying I will give you the 30 days so that way, you don't have to ask for more.

MR. CRABILL: Sure, Your Honor. And we're happy to provide them with the list of documents, you know, a more particular --

MR. YAFFE: No, we have --

MR. CRABILL: -- not just going through --

THE COURT: You know what --

MR. YAFFE: We have the demands. We're working from that. We're working from the discussion today. That's what we're working from.

THE COURT: And if anything's withhold -- withheld on the basis of privilege, you'll do a log.

MR. YAFFE: Correct. Yes, Your Honor.

THE COURT: But otherwise, we know what the scope is. Anything else?

MR. CRABILL: Not from us, Your Honor.

THE COURT: Anything on the Defendants?

MR. YAFFE: No, Your Honor. Thank you.

THE COURT: Okay. Thank you all for being here today. I appreciate it. It's good to see everyone.

ALL: Good to see you. Thank you.

(Court adjourned)

CERTIFICATION

I, Lewis Parham, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.



4/24/23

Signature of Transcriber | Date