UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANA-SIMONE WILLIAMS,                          DOCKET NO.: CV-22-00983
                    Plaintiff,                              (GRB)(AYS)

    - against -


THE LAW OFFICES OF FREDERICK K. BREWINGTON,
and FREDERICK K. BREWINGTON, in his individual
capacity and professional capacities, and PRECILLA
LOCKETT, in her individual capacity and professional
capacities,

                    Defendants.
------------------------------------------------------------------X


# DEFENDANTS'
# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON
# FREDERICK K. BREWINGTON,
# AND PRECILLA LOCKETT
# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS'
# MOTION FOR SUMMARY JUDGMENT


LAW OFFICES OF
FREDERICK K. BREWINGTON
*Co-Counsel for Defendants*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

HAMBURGER & YAFFE, LLP
*Co-Counsel for Defendants*
181 New York Avenue
Huntington, New York 11743
(516) 695-8590

*Of Counsel: Frederick K. Brewington*
             *David Yaffe*

## TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES ...................................................... iii

PRELIMINARY STATEMENT .................................................... 1

RELEVANT FACTS AND PRIOR PROCEEDINGS ................................. 1

ARGUMENT .................................................................. 4

STANDARD OF REVIEW ...................................................... 4

    A. SUMMARY JUDGMENT .............................................. 4

    B. DISMISSAL PURSUANT TO RULE 12(b)(1) and (6) ...................... 6

POINT I

    AS A MATTER OF LAW, PLAINTIFF HAS FAILED TO ALLEGE THAT
    THE DEFENDANTS EMPLOYS FIFTEEN OR MORE EMPLOYEES, THE
    STATUTORY MINIMUM FOR THIS COURT TO EXERCISE JURISDICTION,
    AND MUST BE DISMISSED ............................................. 7

    A.    Plaintiff Fails, as a matter of law, to State a Claim because Defendants
        are not Employers for Title VII Purposes and, as such, the Amended
        Complaint must be dismissed ...................................... 8

    B.    Defendants are not, as a matter of law, Employers for Title VII
        Purposes ......................................................... 11

POINT II

    SHOULD THIS COURT CHOOSE TO CONSIDER MATERIAL OUTSIDE THE
    PLEADINGS, DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT
    GRANT SUMMARY JUDGMENT AS DEFENDANTS ARE NOT AN
    EMPLOYER WITHIN THE DEFINITION OF 42 U.S.C. 2000e(b) .............. 13

**POINT III**

SHOULD THIS COURT DISMISS THE FEDERAL CAUSES OF ACTION,
DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT DECLINE TO
EXERCISE JURISDICTION OVER THE STATE LAW CLAIMS .............. **22**

**CONCLUSION** .............................................................. **23**

## TABLE OF AUTHORITIES

<u>**CASE NAME**</u>                                                                                    <u>**PAGE NO.**</u>

*Achtman v. Kirby, McInerney & Squire, LLP,*
  464 F.3d 328 (2d Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  611 F.Supp. 344 (S.D.N.Y.1984)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242(1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

*Arbaugh v. Y & H Corp.,*
  546 U.S. 500 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8. 11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Budde v. H & K Distrib. Co.,* 216 F.3d 1071,
  2000 WL 900204 (2d Cir. June 29, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Burlington Indus., Inc. v. Ellerth,*
  524 U.S. 742 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Carnegie–Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Celotex Corp. v. Catrett,*
  477 U.S. 317(1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147(2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cifarelli v. Village of Babylon,*
  93 F.3d 47 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clements v. Nassau County,*
    835 F.2d 1000 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cushing v. Moore,*
    970 F.2d 1103 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*D'Jamoos v. Griffith,* No. 00 CV 1361,
    2001 WL 1328592 (E.D.N.Y. Aug.1, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Da Silva v. Kinsho Int'l Corp.,
    229 F.3d 358(2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8, 9, 11, 15

*Davis v. NYC Dep't of Educ.,* No. 10–CV–3812,
    2012 WL 139255 (E.D.N.Y. Jan. 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*DeWitt v. Lieberman,*
    48 F.Supp.2d 280 (S.D.N.Y.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*Dias v. Cmty. Action Project, Inc.,* 07CV5163 (NGG)(RER),
    2009 WL 595601 5 (E.D.N.Y. Mar. 6, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Eastman Mach. Co. v. United States,*
    841 F.2d 469(2d Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Feliciano v. 131st Block Ass'n.,*
    468 Fed. Appx. 41 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*First Nat'l Bank of Az. v. Cities Serv. Co.*
    391 U.S. 253 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fisher v. Vassar College,
    114 F.3d 1332 (2d Cir. 1997) (*en banc*), *cert. denied,* 522 U.S. 1075 (1998) . . . . . . . . . . . . . 5

Fitzgibbons v. Putnam Dental Associates, P.C.,
    368 F. Supp. 2d 339(S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 15

Fonte v. Bd. of Managers of Cont'l Towers Condo.,
    848 F.2d 24 (2d Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hosler v. Greene,
    5 F.Supp.2d 99(N.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*King v. Bratton, No. 96 CV 1131(RJD),*
   2004 WL 3090605 (E.D.N.Y. Aug. 25, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kiobel v. Royal Dutch Petroleum Co.,*
   621 F.3d 111(2d Cir. 2010) aff'd, 133 S. Ct. 1659 (U.S. 2013) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kirch v. Liberty Media Corp.,*
   449 F.3d 3882d Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Krasner v. Episcopal Diocese of Long Island,*
   431 F. Supp. 2d 320(E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Krasner v. Episcopal Diocese of Long Island,*
   374 F. Supp. 2d 306(E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Luna v. North Babylon Teacher's Org.,*
   11 F.Supp.3d 396(E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Makarova v. United States,*
   201 F.3d 110 (2d Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Marcus v. AT & T Corp.,*
   138 F.3d 46 (2d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp.,*
   475 U.S. 574(1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Meloff v. New York Life Ins. Co.,*
   51 F.3d 372 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mizwicki v. Helwig,*
   196 F.3d 828 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mohr v. United Cement Masons' Union Local 780,*
   2016 WL 11263670 (E.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*New York Mercantile Exchange, Inc. v. Intercontinental Exchange, Inc.,*
   497 F.3d 109(2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*O'Brien v. Wisniewski, 3:10-CV-120 CSH,*
   2013 WL 4482891(D. Conn. Aug. 21, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*O'Connor v. Davis*,
   126 F.3d 112(2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

*Pastor v. P'ship for Children's Rights, 10-CV-5167 CBA LB, 2012*
   WL 4503415 (E.D.N.Y. Sept. 28, 2012) aff'd, 538 F. App'x 119 (2d Cir. 2013) cert. denied,
   134   S. Ct. 1305 (U.S. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16, 17, 18

*Ramseur v. Chase Manhattan Bank*,
   865 F.2d 460 (2d Cir.1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Samuels v. Air Transport Local 504*,
   992 F.2d 12 (2d Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schnabel v. Abramson*,
   232 F.3d 83 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stern v. Trustees of Columbia Univ.*,
   131 F.3d 305 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stoutenger v. City of Fulton*,
   605 F.Supp.3d 432(N.D.N.Y. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tomka v. Seiler*,
   66 F.3d 1295 (2d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Torres v. Cortland Ent, P.C.*,
   2017 WL 2623893(N.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. New York State Dep't of Motor Vehicles*,
   82 F.Supp.2d 42 (E.D.N.Y.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*Van Zant v. KLM Royal Dutch Airlines*,
   80 F.3d 708 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Walters v Metropolitan Educational Enterprises, Inc.*,
   519 U.S. 202 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 12, 16

*Weeks v. N.Y. State* (Div. of Parole),
   273 F.3d 76 (2d Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Weinstock v.Columbia University*,

224 F.3d 33 (2d Cir. 2000) ......................................................... 5

*Western World Ins. Co. v. Stack Oil, Inc.*,
    922 F.2d 118 (2d Cir.1990) ...................................................... 5

*Yaba v. Cadwalader, Wickersham & Taft*,
931 F.Supp. 271 (S.D.N.Y.1996) ................................................. 22

*Yong Chul Son v. Chu Cha Lee*, 13-1827,
2014 WL 1099789 (2d Cir. Mar. 21, 2014) ........................................ 7

*York v. Ass'n of Bar of City of N.Y.*,
286 F.3d 122 (2d Cir. 2002) .................................................... 19

*Young v. Lord & Taylor, LLC*,
937 F. Supp. 2d 346 (E.D.N.Y. 2013) ............................................. 7

## STATUES

28 U.S.C. § 1367(c)(3) ......................................................... *22*

42 U.S.C. §2000(e) ............................................................. 2

42 U.S.C. §2000(e)(b) ............................................... 1, 2, 8, 15, 20

42 U.S.C. § 2000e(f) .......................................................... 12

Title VII of the Civil Rights Act of 1964 ...................................... *Passim*

Fed. R. Civ. 12(b)(1) ..................................................... 6, 7, 11

Fed. R. Civ. P. 56( c) ....................................................... 4, 13

Fed. R. Civ. P. 56(e) .......................................................... 15

## PRELIMINARY STATEMENT

Defendants The Law Offices of Frederick K. Brewington, Frederick K. Brewington and Precilla Lockett seek the dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 56 and for failure to state a claim and lack of subject matter jurisdiction. Defendants set forth below, *inter alia*, that Plaintiff fails as a matter of law to proceed in this matter as Defendants are not employers and they fail to state a claim under the heightened pleading standards of *Ashcroft v. Iqbal.* Plaintiff's allegations fail to state that Defendants are an "employer" as defined under Title VII of the Civil Rights Act of 1964. Additionally, Defendants attach documentation to this memorandum that conclusively establishes the number of employees employed by Defendants. It is respectfully requested that the Court find it proper to convert this motion into a Fed. R. Civ. P. Rule 56 motion and that Defendant submit a 56.1 statement pursuant to the local rules in anticipation of the Court treating this motion as a motion for Summary Judgment.

This Memorandum of Law is submitted together with the declaration of Frederick K. Brewington in support of defendants' motion for summary judgment dismissal of the Title VII claims in this action upon the ground that defendants are not an "employer" under 42 U.S.C. 2000e(b). As we demonstrate, Plaintiff has not alleged and cannot establish that Defendants satisfy the threshold fifteen-employee requirements in Title VII. Accordingly, the Title VII claims in the Amended Complaint should be dismissed. Defendants respectfully request that the Court dismiss this matter and decline to exercise jurisdiction over Plaintiff's state law claims.

## RELEVANT FACTS AND PRIOR PROCEEDINGS

The Court is respectfully referred to Defendants' 56.1 Statement which sets out Defendants' undisputed facts which support that Summary Judgment of Plaintiff's Amended Complaint is the

proper remedy in this case. The Law Offices of Frederick K. Brewington (hereinafter the Law Office or Employer) is not an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), and therefore this Court lacks subject matter jurisdiction.  As the Court is aware, 42 U.S.C. §2000(e)(b) provides:

> The term "employer" means a person engaged in an industry affecting commerce **who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year**, and any agent of such a person. (Emphasis added)

A conference was held on November 28, 2022, before the Honorable Judge Shields, wherein the Court limited the discovery schedule to the issue of whether Title VII is applicable to the Law Office. Plaintiff was permitted to depose a 30(b)(6) witness, and the inquiry was limited solely to whether there were enough employees to be covered by Title VII [1].  Additionally, Plaintiff was to serve document requests and interrogatories limited to the Title VII issue upon the Law Office. On February 4, 2023,the Law Office provided responses to Plaintiff's interrogatories and document requests. (**Exhibit D**) Dissatisfied with the Law Office's response to their interrogatories and document requests, on February 15, 2023, Plaintiff submitted a status report to the Court accusing the Law Offices of a "Blatant Disregard of the Court's Order." (**DE 30; Exhibit E**) Also on February 15, 2023, the Law Office submitted a status report to the Court, informing the Court that the Law Office had complied with the Court's directive and applicable case law, as set forth in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 US202 (1997). (**DE 31; Exhibit F**)

In light of the information contained in the status reports submitted by the parties, on April 12, 2023, Judge Shields ordered an in person status conference, and set forth the following discovery

---

[1] As of the drafting of this Memorandum, Defendant has requested, but no been provided with a copy of the deposition transcript of Frederick K. Brewington.

2

rulings:

> Defendants shall provide Plaintiff with any document evidencing the beginning and end of employment and the hours worked for the following people: Oscar Holt; Corey Morris; Steve Tanenbaum; Matilda Warren; Cobia Powell; Alexis Epstein; Christina Negri; Dennis Swanson; Yulia Marshak; Erik Graff; Gulfan Dhillon; Itohen Ihaza; and Alan Babcock. The documents may include such items as offer letters, termination letters, contracts with the firm, and personnel files evidencing such information. If privilege is claimed for any document a privilege log must be provided to Plaintiff. Further, if Defendants are not in possession of a requested document, Defendants must provide a sworn interrogatory response stating such.

In accordance with the Court's Order, on May 12, 2023, the Law Offices provided to Plaintiff, Defendants' Supplemental Response to Court's Scheduling Order Dated April 12, 2023, Related to Title VII Liability. These responses were Verified, and demonstrated that at no time did the Law Offices have the requisite number of employees to be coved by Title VII. (Exhibit G)

In accordance with the Order of Judge Shields, limited discovery has been conducted establishing that the Law Offices has not employed more than fifteen (15) employees for a period of 20 weeks or more for each working day during the time period in question, 2020 and 2021. The documentation provided to counsel for the Plaintiff, has demonstrated that in accordance with Title VII, the Law Office was not an "Employer" during the relevant time period set forth in the Amended Complaint. Accordingly, based on the deposition, the initial documents and further disclosures it can be "determined primarily by looking to those individuals on the employer's payroll, commonly referred to as the 'payroll method.'" that Defendant is not a Title VII employer. *DeWitt v. Lieberman*, 48 F.Supp.2d 280, 292 (S.D.N.Y.1999) (*citing Walters*, 519 U.S. at 209–10). Defendants have complied with the Court's directive allowing discovery so that this legal issue can be decided.

3

## ARGUMENT

## STANDARD OF REVIEW

### A.    SUMMARY JUDGMENT

"A Title VII defendant may seek summary judgment on the threshold issue of the number of employees required for Title VII applicability where undisputed facts can be presented to defeat coverage." *Fitzgibbons v. Putnam Dental Associates, P.C.*, 368 F. Supp. 2d 339, 342 (S.D.N.Y. 2005) (citing *Da Silva* at 366). The *Da Silva* Court provided that, "for example, a complaint [that] alleged fewer than fifteen employees, the complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim, or under Rule 12(b)(1) if the pleading were deemed so demonstrably without substance as not even to invoke jurisdiction under Title VII." *Id.* at n. 9 *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 365-66 (2d Cir. 2000) (emphasis added). "Whether an entity is an 'employer' is a question of law" to be decided by the Court. *United States v. New York State Dep't of Motor Vehicles*, 82 F.Supp.2d 42, 46 (E.D.N.Y.2000) *(citing Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F.Supp. 344, 348 (S.D.N.Y.1984)). Here, the number of employees employed by Defendants during Plaintiff's employment is a simple inquiry which Plaintiff fails to acknowledge or rebut. Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

To withstand summary judgment, a plaintiff must provide present "concrete evidence from which a reasonable [fact-finder] would return a verdict in [its] favor." *Anderson v. Liberty Lobby,*

4

*Inc.*, 477 U.S. 242, 256 (1986). A plaintiff cannot escape summary judgment by asserting the existence of "some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). When an employer provides convincing evidence to explain its conduct and the plaintiff's argument consists of purely conclusory allegations of discrimination, the Court may conclude that no material issue of fact exists and it may grant summary judgment to the employer. *King v. Bratton,* No. 96 CV 1131(RJD), 2004 WL 3090605, at *4 (E.D.N.Y. Aug. 25, 2004) (*emphasis added*); *Budde v. H & K Distrib. Co.*, 216 F.3d 1071, 2000 WL 900204 (Table) at * 1 (2d Cir. June 29, 2000); *Stern v. Trustees of Columbia Univ.,* 131 F.3d 305, 312 (2d Cir. 1997); *Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir. 1995). In other words, to defeat summary judgment, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Stern,* 131 F.3d at 312; *Schnabel v. Abramson,* 232 F.3d 83, 90–91 (2d Cir. 2000); *Weinstock,* 224 F.3d at 42; *Fisher v. Vassar College,* 114 F.3d 1332, 1339 (2d Cir. 1997) (*en banc*), *cert. denied,* 522 U.S. 1075 (1998); *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714 (2d Cir. 1996) (plaintiff must "produce not simply 'some' evidence, but 'sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not [discrimination] was the real reason for the discharge"). The claims asserted in the Complaint are, as a matter of law, insufficient to raise any genuine issue of triable fact. As will be demonstrated fully below, Plaintiff's claims cannot be sustained and Defendants' motion for summary judgment should be granted in its entirety.

**B.**   **DISMISSAL PURSUANT TO RULE 12(b)(1) and (6)**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face,"

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). Although all allegations contained in the Complaint are assumed to be true,

this tenet is "inapplicable to legal conclusions." *Id.* When reviewing a motion to dismiss, "the court

limits its considerations to: (1) the factual allegations in the complaint; (2) documents attached to

the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may

be taken; and (4) documents that are 'integral' to the complaint." *Davis v. NYC Dep't of Educ.*, No.

10–CV–3812, 2012 WL 139255 at *3 (E.D.N.Y. Jan. 18, 2012); *Chambers v. Time Warner, Inc.*,

282 F.3d 147, 153 (2d Cir. 2002) (noting that "even where a document is not incorporated by

reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms

and effect,' which renders the document 'integral' to the complaint").

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. " "Facial plausibility" means that the plaintiff's factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A complaint that pleads facts that are "merely consistent with" a defendant's liability is not plausible.

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 191 (2d Cir. 2010) *aff'd*, 133 S. Ct. 1659, 185

L. Ed. 2d 671 (U.S. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)(external quotations

omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will

not suffice to [defeat] a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d

Cir.2006) (internal quotation marks and citation omitted) (second alteration in original)). Plaintiff

must set forth more than conclusory statements that Plaintiff has set forth a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. at 677 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir.2006) (citation and internal quotation marks omitted); *Young v. Lord & Taylor, LLC,* 937 F. Supp. 2d 346, 350 (E.D.N.Y. 2013) ("a pleading that does nothing more than recite bare legal conclusions is insufficient to unlock the doors of discovery.") (internal quotation omitted).

Alternatively, dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110,113 (2d Cir.2000); *see also Yong Chul Son v. Chu Cha Lee*, 13-1827, 2014 WL 1099789 (2d Cir. Mar. 21, 2014). "When evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, while the Court must accept as true all allegations in the complaint, it may refer to evidence outside the pleadings to resolve disputed issues of jurisdiction." *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 350 (E.D.N.Y. 2013) (citations omitted). The fact of the number of employees being fewer than 15 is a fact that would be dispositive and thus require dismissal on summary judgment (*see, infra, Point II*). *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 366 (2d Cir.2000).

## POINT I

### AS A MATTER OF LAW, PLAINTIFF HAS FAILED TO ALLEGE THAT THE DEFENDANTS  EMPLOYS FIFTEEN OR MORE EMPLOYEES, THE STATUTORY MINIMUM FOR THIS COURT TO EXERCISE JURISDICTION, AND MUST BE DISMISSED

"The term 'employer' means a person engaged in an industry affecting commerce **who has**

7

**fifteen or more employees for each working day in each of twenty or more calendar weeks** in the current or preceding calendar year, and any agent of such a person..." 42 U.S.C. § 2000e(b)(emphasis added). The "current year" refers to the year in which the alleged discriminatory act took place. *See, Feliciano v. 131st Block Ass'n.*, 468 Fed. Appx. 41, 43 (2d Cir. 2012). Here, the alleged discriminatory act (the termination of plaintiff) took place in 2021. Thus, the subject years in question are 2021 and 2020. The threshold number of employees for application of Title VII to an entity alleged to be an "employer" is not a just a jurisdictional issue, but rather an element of plaintiff's claim. *Luna v. North Babylon Teacher's Org.*, 11 F.Supp.3d 396, 402 (E.D.N.Y. 2014), citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501-502 (2006).

A.     **Plaintiff Fails, as a matter of law, to State a Claim because Defendants are not Employers for Title VII Purposes and, as such the Amended Complaint must be dismissed**

In the instant matter, Plaintiff's Amended Complaint fails to allege the statutory number of employees and should be dismissed on this ground. In addition, the Court should not exercise jurisdiction over Plaintiff's Complaint as asserted against Defendant employing fewer than fifteen employees. Plaintiff merely asserts conclusory allegations that are lacking in the detail which would convince the Court, as a matter of law, that The Firm should be considered a joint employer or integrated employer. Accordingly, there is **not a single mention in the Complaint alleging that there are fifteen (15) employees** in total and such Complaint must be dismissed on these grounds. *See Da Silva*, 229 F.3d at 365-66. Defendants have continued to assert, from the time of the filing of their answer to the filing of this memorandum that the allegations made by Plaintiff are lacking in multiple ways, including the failure to allege that Defendant has fifteen or more employees. Further, Defendants have provide the Plaintiff with redacted payroll and tax information to support

8

his point. *See* **Exhibits H-O**. Irrespective of this information, Plaintiff continues to press the Court to exercise jurisdiction of this Court over an office employing less than 15 employees.

This Court should grant Summary Judgment to all Defendants the Second Circuit has repeatedly held that individuals cannot be liable under Title VII. *See Weeks v. N.Y. State* (Div. of Parole), 273 F.3d 76, 81 n. 1 (2d Cir.2001) ("individuals are not proper Title VII defendants") (citation omitted); *Tomka v. Seiler*, 66 F.3d 1295, 1313 (2d Cir.1995), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"). Regardless of Plaintiff's contentions and allegations, neither Mr. Brewington nor Ms. Lockett are employers pursuant to Title VII.

Plaintiff fails to allege that the Defendants, collectively, employ more than 15 employees and Plaintiff fails to assert that either of the individual Defendants employ more than 15 employees. Indeed, this Court should grant dismissal "if the complaint fails to show on its face that [Defendant] is an employer under Title VII." *Krasner v. Episcopal Diocese of Long Island*, 374 F. Supp. 2d 306, 309 (E.D.N.Y. 2005). "[T]he Court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken....'" *Id.* (quoting *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993)). "In order to be without jurisdiction, the court would have to conclude that [Plaintiff's] claims under the joint and single employer theory are 'so demonstrably without substance as not even to invoke jurisdiction under Title VII.' " *Dias v. Cmty. Action Project, Inc.*, 07CV5163NGGRER, 2009 WL 595601 at *5 (E.D.N.Y. Mar. 6, 2009) (quoting *Da Silva*, 229 F.3d at 366 n. 9).

9

In the Amended Complaint Plaintiff alleges, "At all relevant times, the Firm was Plaintiff's 'employer' within the meaning of all relevant statutes and regulations." (Amended Comp. ¶23) Plaintiff does not allege that Defendant was "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." In fact, the Amended Complaint is devoid of any factual allegation that specifically alleges any language that satisfies 42 U.S.C. § 2000e(b).

Again, while the Plaintiff alleges that the defendant law office and the individuals Frederick K. Brewington and Precilla Lockett were "Plaintiff's 'employer' within the meaning of all relevant statutes and regulations" (see, **Exhibit P**)Amended Complaint ¶¶ 23, 29, 35), nowhere in the Amended Complaint does plaintiff allege that defendants actually had 15 or more employees as required by §2000e(b). Under governing

case law, the plaintiff's limited pleading allegation is insufficient to satisfy the pleading requirements. *See, Stoutenger v. City of Fulton*, 605 F.Supp.3d 432, 454 (N.D.N.Y. 2022) ("Alleging that Plaintiff is employed within the meaning of Title VII may be sufficient to put Defendants on notice that she brings claims under Title VII, but is not a factual allegation plausibly indicating that [defendant] had at relevant times 15 or more employees as required by §2000e(b)"); *see also, Torres v. Cortland Ent, P.C.*, 2017 WL 2623893, *2 (N.D.N.Y. 2017) (rejecting complaint allegation that "upon information, belief and conversations . . . Defendant is an employer within the meaning of Title VII," and finding, "[t]his is not a factual allegation, but rather a legal conclusion 'masquerading as [a] factual conclusion[]." Nonetheless, and despite plaintiff's failure to properly allege this required element of her Title VII claim, plaintiff would, in any event, be unable to

10

establish that defendants had 15 or more employees during the relevant time period.

"[A] Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is ***normally entitled to seek dismissal [2] if the complaint shows on its face that the element of statutory coverage is lacking***, or to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage." *Da Silva* at 365-66 (emphasis added). The *Da Silva* Court provided that, "for example, ***a complaint [that] alleged fewer than fifteen employees, the complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim***, or under Rule 12(b)(1) if the pleading were deemed so demonstrably without substance as not even to invoke jurisdiction under Title VII." *Id.* at n. 9 (emphasis added). In the instant Amended Complaint, Plaintiff does not allege a number of employees.

The evidence shows that Defendant operates a single office in Hempstead, New York. Defendants employ less than fifteen employees and employed less than fifteen employees during the current or preceding calendar year that Plaintiff was employed. As a matter of law, Defendant is not an employer with in the meaning of Title VII. Accordingly, the First Cause of Action alleging Title VII discrimination, and the Second Cause of Action alleging Title VII retaliation should be dismissed and all other relief that this Court deems just and proper.

### B.   **Defendants are not, as a matter of law, Employers for Title VII Purposes**

"The definition of the term 'employee' provided in Title VII is not helpful in determining whether these individuals are in fact 'employees' for Title VII analysis because the Act states only

---

[2] Although "the Supreme Court has resolved the split in the circuits and held that 'the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue,' " a Defendant can still assert a motion to dismiss on this ground. *Krasner v. Episcopal Diocese of Long Island*, 431 F. Supp. 2d 320, 323 (E.D.N.Y. 2006)(*quoting Arbaugh v. Y & H Corp.*,546 U.S. 500, 516, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006)).

that an 'employee' is an 'individual employed by an employer.' " *Fitzgibbons v. Putnam Dental Associates, P.C.*, 368 F. Supp. 2d 339, 343 (S.D.N.Y. 2005) (quoting 42 U.S.C. § 2000e(f)); *see also O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir.1997). In *Walters*, the Supreme Court adopted the "payroll method" and instructed that in determining whether an individual is an "employee" for Title VII purposes, "the ultimate touchstone under § 2000e(b) **is whether an employer has employment relationships with fifteen or more individuals for each working day in twenty or more weeks during the year in question.**" *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 211–12 (1997)(emphasis added). In short, in attempting to establish that a defendant is an "employer," a showing by the plaintiff that the defendant had a total of 15 or more "employees" over the course of the calendar years in question is insufficient. Rather, the plaintiff must establish that the entity had 15 or more "employees" for "each working day" in a "20 or more weeks" time period during that year. Here, no such showing has or can be made. Accordingly, courts have concluded that an employment relationship should be "determined primarily by looking to those individuals on the employer's payroll, commonly referred to as the 'payroll method.' " *DeWitt v. Lieberman*, 48 F.Supp.2d 280, 292 (S.D.N.Y.1999) (citing *Walters*, 519 U.S. at 209–10). The burden of establishing that an entity is an "employer" subject to the requirements of Title VII is on the plaintiff. See, *Mizwicki v. Helwig*, 196 F.3d 828, 832 (7th Cir. 1999).

As discussed below, Plaintiff was provided Defendants' payroll documents which indicate, *inter alia*, that Defendants did not have employment relationships with fifteen or more individuals for each working day in twenty or more weeks during the year in question. *See id.* (See **Exhibits H-O**).

12

"Whether an entity is an 'employer' is a question of law" to be decided by the Court. *United States v. New York State Dep't of Motor Vehicles*, 82 F.Supp.2d 42, 46 (E.D.N.Y.2000) (citing *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F.Supp. 344, 348 (S.D.N.Y.1984)).

> The only issue before this Court is whether the Partnership is an "employer" within the meaning of Title VII or the ADA. An organization is only an "employer" covered by these statutes if it "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); § 1211 l(5)(a). The "current year" refers to the year in which the alleged discriminatory act took place. *See Feliciano v. 131st Block Ass'n Inc*., 468 F. App'x 41, 43 (2d Cir. 2012). The complaint described allegedly discriminatory acts that took place in 2008 and 2009, and thus the Court must assess whether the Partnership had fifteen or more employees in 2007, 2008, and 2009.

*Pastor v. P'ship for Children's Rights*, 10-CV-5167 CBA LB, 2012 WL 4503415 (E.D.N.Y. Sept. 28, 2012) *aff'd*, 538 F. App'x 119 (2d Cir. 2013) cert. denied, 134 S. Ct. 1305 (U.S. 2014) (external quotation marks omitted and internal citations preserved).

## POINT II

### SHOULD THIS COURT CHOOSE TO CONSIDER MATERIAL OUTSIDE THE PLEADINGS, DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT GRANT SUMMARY JUDGMENT AS DEFENDANTS ARE NOT AN EMPLOYER WITHIN THE DEFINITION 42 U.S.C. 2000e(b)

It is appropriate to consider the material outside the pleadings and consider a Motion as a Motion for Summary Judgment, instead of a Motion to Dismiss for Failure to State a Claim. *See, e.g., Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988); *D'Jamoos v. Griffith*, No. 00 CV 1361, 2001 WL 1328592, at *4 (E.D.N.Y. Aug.1, 2001) (citation omitted).

Summary judgment "shall be rendered forthwith if the pleadings, depositions ... together with the affidavits ... show that there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. A "moving party is entitled to

13

judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985) (internal quotation marks and citations omitted). The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* In deciding a summary judgment motion, a Court need not resolve disputed issues of fact, but need only determine whether there is any genuine issue to be tried. *Eastman Mach. Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988).

A disputed fact is material only if it might affect the outcome of the suit under the governing law. A genuine factual issue exists if there is sufficient evidence favoring the nonmovant such that a reasonable jury could return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–249 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issued for trial." *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts "*Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial."*First Nat'l Bank of Az. v. Cities Serv. Co.* 391 U.S. 253, 288 (1968).

"In assessing the record to determine whether there is a genuine issue of fact, the court is required to draw all inferences in favor of the party against whom summary judgment is sought." *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). Here, the number of employees employed by Defendants during Plaintiff's employment is a simple inquiry to which Plaintiff fails to acknowledge or rebut.

14

"A Title VII defendant may seek summary judgment on the threshold issue of the number of employees required for Title VII applicability where undisputed facts can be presented to defeat coverage." *Fitzgibbons v. Putnam Dental Associates, P.C.*, 368 F. Supp. 2d 339, 342 (S.D.N.Y. 2005) (citing *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 366 (2d Cir.2000)). Under Fed. R. Civ. P. 56, the non-moving party must present to the Court "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Consequently, even if this Court draws all reasonable inferences in Plaintiff's favor, Plaintiff has failed to demonstrate that a factual dispute exists with regard to whether defendant employed the requisite fifteen or more employees necessary for it to be subject to Title VII. *Hosler v. Greene,* 5 F.Supp.2d 99, 102 (N.D.N.Y. 1998) (internal citations omitted). Summary judgment is usually unwarranted when the defendant's state of mind is at issue. In order to raise an issue of fact regarding the defendant's state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *See, Clements v. Nassau County*, 835 F.2d 1000, 1005 (2d Cir. 1987). "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

Defendants provide e-mail, payroll and tax record documentation (**Exhibits H-O**) in addition to the pleadings in this matter to support Defendants' Motion to Dismiss. Mr. Brewington's declaration clearly supports the fact that these documents are evidently accurate and relevant. Accordingly, "Defendants have proven that they are entitled to summary judgment on Plaintiff's Title VII claim, which presented the sole federal question in this action and thus the basis for removal to this Court." *O'Brien v. Wisniewski*, 3:10-CV-120 CSH, 2013 WL 4482891 at * 5 (D. Conn. Aug. 21, 2013) (granting summary judgment relief where Plaintiff failed to show or rebut that the Defendant did not employ the requisite 15 employees).

15

The Supreme Court has held that under 42. U.S.C. 2000e(b), the payroll method should be used to determine whether an employment relationship exists between an individual and the alleged employer because "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll. Under this method, to establish that the defendant is a Title VII employer, the plaintiff must introduce evidence of defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year. *See, Walters v Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205-207 (1997).

This Court has repeatedly held that, "volunteers and interns constitute employees under Title VII and the ADA only if they receive some kind of direct or indirect financial benefit or promise thereof from an employer." *Pastor v. P.Ship for Children's Rights,* No. 10 CV 5167, 2012 WL 4503415, *1 (E.D.N.Y. 2012), aff'd 538 Fed.Appx. 119 (2d Cir. 2013); *Mohr v. United Cement Masons' Union Local 780*, 2016 WL 11263670 (E.D.N.Y. 2016); *see also, O'Connor v. Davis*, 126 F.3d 112, 115-16 (2d Cir. 1997) ("Where no financial benefit is obtained by the purported employee from employer, no 'plausible' employment relationship of any sort can be said to exist because . . . 'compensation . . . is an essential condition to the existence of an employer-employee relationship.'").

In *Pastor*, this Court described the analysis of the relevant law as follows:

Financial benefits might be in the form of a salary or wages, or benefits such as medical insurance, retirement pensions, life or disability insurance, vacation time, sick pay, and/or a promise of any of the above. *See Pietras v. Bd. of Fire Commn'rs of Farmingville Fire Dist.*, 180 F.3d 468, 471, 473 (2d Cir.1999) (holding that district did not clearly err in finding that volunteer firefighter was employee within meaning of Title VII because she received retirement pension, life insurance, death benefits, disability insurance, and medical benefits); *O'Connor*, 126 F.3d at 116 (holding that plaintiff was not employee within meaning of Title VII because she received none of these benefits). In the absence of traditional compensation, however, "benefits must meet a minimum level of 'significance,' or substantiality, in order

16

to find an employment relationship." *York v. Assoc. of Bar of City of N.Y.*, 286 F.3d 122, 126 (2d Cir.2002) (*quoting Pietras*, 180 F.3d at 473). Moreover, the benefits received must primarily benefit the employee, and cannot be merely incidental to the work performed by the employer. See id. (distinguishing medical and insurance benefits from "clerical support and networking opportunities" which "were merely incidental to the administration of the [employer's] programs").

In determining whether an independent contractor counts as an employee, courts apply common law agency principles and "generally focus on the degree of control exercised by the hiring party over the manner and means of the individual's employment." *Quitoriano v. Raff & Becker, LLP*, 675 F.Supp.2d 444, 452 (S.D.N.Y.2009). *Pastor*, supra at *1.

Pastor involved a defendant children's advocacy organization (the "Partnership") that had various types of staff members working for the Partnership which included, paid employees, volunteer attorneys, volunteer social workers, law school and social work graduate school interns and one independent contractor. The Partnership's payroll records confirmed that the Partnership had a limited number of "paid employees" during the covered years. The dispute was whether the volunteers, interns and the independent contractor should also count as employees under Title VII and the ADA.

With respect to two interns who were paid compensation by the Partnership, they were included in the Court's count of Partnership employees, but it rejected the notion that interns who received school credit or a stipend paid by their educational institutions should be considered employees of the Partnership. As to the Partnership's volunteer attorneys, the Partnership submitted an affirmation providing information from the Partnership's payroll and information regarding certain of the people who provided services for the Partnership. Through this affirmation, the Partnership asserted that its staff included a varying number of volunteer attorneys and volunteer social workers who did not receive compensation for their work, and that "none of the volunteers received compensation for their work, nor did they receive financial benefits such as health insurance,

17

vacation pay, sick pay, or retirement benefits." *Pastor,* Id. at 2. The plaintiff argued that they should nevertheless count as employees because they received many job-related benefits, namely in the form of reimbursement for Continuing Legal Education courses and multiple hours of classes and training in the field of education law.

This Court rejected this argument, holding "these are not the type of substantial job-related benefits that give rise to an employment relationship. As an initial matter, the training programs and classes were directly related to the legal services performed by the Partnership, and are just the type of benefits that are 'merely incidental' to the administration of the Partnership's work and do not create an employment relationship. The Court finds that CLE courses are not comparable to retirement benefits or medical insurance, and they do not meet the 'minimum level of significant or substantiality' require to elevate these volunteer attorneys to the status of employees." *Pastor, supra* at *2, *citing York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 125-26 (2d Cir. 2002) (where the Second Circuit reiterated that where no financial benefit is obtained by the purported employee, no 'plausible employment of any sort can be said to exist, and instructed, "benefits sufficient to satisfy the 'remuneration test' [are] in the form of (1) a retirement benefit, (2) life insurance, (3) death benefits, (4) disability insurance, and (5) some medical benefits). In *York*, the Second Circuit instructed, "the benefits put forward by York, such as clerical support and networking opportunities, were merely incidental to the administration of the Association's programs for the benefit of the bar at large. In other words, the list of benefits York recites was merely a necessary incident to the Association staging volunteer programs for the legal community. The purpose, however, of a volunteer member organization is to facilitate activity by its members in furtherance of the organization and its objectives. Thus, to make the incidents of group activity, without more, a

18

benefit sufficient to satisfy the remuneration test, is to render all volunteer activity "employment" under Title VII." The Second Circuit also rejected that notion that the reputed "benefits . . . were not sufficiently substantial to meet the remuneration test. Clerical support, limited tax deductions, and 'networking opportunities' are not the sort of substantial benefits that [satisfy the requirement]." *York*, 286 F.3d at 126.

As set forth in the Brewington Declaration, the greatest number of people on payroll during any 20 week period in 2020 and/or in 2021 is 12 persons. The payroll records from Defendants' payroll company, ADP, were provided to Plaintiffs early on in this process and they have refused to accept them on face value. The official tax documents filed with the taxing authorities on behalf of the Defendants are for the four quarters of 2020 and 2021, which contains three (3) months per quarter, which includes twelve weeks, demonstrates the following for each quarter and each year:

| Year | Quarter | No. Of Persons Month One | No. Of Persons Month Two | No. Of Persons Month Three | Average Persons for Quarter |
|------|---------|--------------------------|--------------------------|----------------------------|-----------------------------|
| 2020 | 1 | 15 | 15 | 14 | 14.6 |
| 2020 | 2 | 0 | 13 | 14 | 9 |
| 2020 | 3 | 13 | 14 | 13 | 13.3 |
| 2020 | 4 | 12 | 12 | 11 | 11.6 |
| Year | Quarter | No. Of Persons Month One | No. Of Persons Month Two | No. Of Persons Month Three | Average Persons for Quarter |
| 2021 | 1 | 15 | 11 | 13 | 13 |
| 2021 | 2 | 12 | 12 | 11 | 11.6 |
| 2021 | 3 | 10 | 12 | 10 | 10.6 |
| 2021 | 4 | 12 | 12 | 12 | 12 |

As the court can see from the above chart, taken from **Exhibits H-O**, at no time during the two years of 2020 and 2021 did Defendant have 15 or more persons in its employ "for each working day in each of twenty or more calendar weeks" as required by 42 U.S.C. §2000e(b).

Plaintiff has attempted to turn persons who are not and were not employees during 2020 and 2021 into employees. While they have no legal or factual basis to do so, a large amount of the time spent by Plaintiffs in the discovery granted by the Court was focused on persons who were either students work with Defendant for a brief period as interns or on special projects during their inter-session. Others like Oscar Holt, III, Steven Tannenbaum, Cory Morris and Alan Babcock were cited by Plaintiffs as employees, which not only was wrong, but led to a clear understanding that there was a disconnect with the understanding that the true strength of personal relationships is not centered or based on money. As we have in the Brewington Declaration, we will address these four persons in the paragraphs below.

Although we are blessed to be associated with him, Attorney Oscar Holt III was not and is not an employee. and assert he was not an "employee" under the relevant standard. Oscar Holt III is an attorney with more than 40 years experience. He has connected to our office and periodically provided help to mentor, role model and fellowship. His presence in the office enhances the work of the firm in many ways. His participation is neither expected, required, nor mandated. Mr. Holt is Of Counsel to the Law Firm. During the applicable time period, Mr. Holt was not compensated. He did not receive any salary or wages or benefits from the Law Firm such as medical insurance, retirement pension, life or disability insurance, vacation time, sick pay or a promise to pay any of the above. Mr. Holt provides limited services to the Law Firm on a voluntary basis, he comes and goes as he pleases, the Law Firm has no right and does not control or direct any volunteer services that

20

he performs. Attorney Holt is not an employee.

As to Attorney Cory Morris, he is not and was not an employee of the Law Firm during 2020 and 2021. On October 16, 2019, Mr. Morris appeared as Of Counsel, on a single day, covering a deposition for this office, in the matter *Porter v. Port Authority of New York, et. al,* bates stamp **#BREWINGTON 883 (Exhibit S)**. Mr. Morris maintains his own firm and office, The Law Offices of Cory H. Morris (Cory H. Morris, P.C.), 863 Islip Avenue Central Islip, New York 11722. Mr. Morris received no salary or wages or financial benefits from the Law Firm in connection with the limited services that they provided, and that in no manner can they be deemed to have been employed by or providing employment services for the Law Firm "for each working day in each of twenty or more calendar weeks" as required by the governing regulation. Attorney Morris is not an employee

Mr. Tannenbaum, is not, and has never been, an employee of the Law Firm. Mr. Tannenbaum is Of Counsel to the Law Firm, and maintains his own firm and offices, Tannenbaum, Bellantone & Silver, P.C. at 2001 Marcus Ave. Ste N125, New Hyde Park, NY 11042. Mr. Tannenbaum has served as co-counsel with our office on four matters. *Cullum v. County of Nassau,* CV-17-7053 (E.D.N.Y.); *Matteo v. County of Nassau,* CV-15-6880 (E.D.N.Y); *Donohue v. County of Nassau,* CV-15-0636 (E.D.N.Y.) and *Barrere v. County of Nassau,* CV-18-03562 (E.D.N.Y.). Mr. Tannenbaum received no salary or wages or financial benefits from the Law Firm in connection with the limited services that they provided, and that in no manner can they be deemed to have been employed by or providing employment services for the Law Firm "for each working day in each of twenty or more calendar weeks" as required by the governing regulation. Attorney Tannenbaum is not an employee.

21

Mr. Alan Babcock, is not, and has never been, an employee of the Law Offices Firm. Mr. Babcock is an independent contractor.  Attached are copies of bills provided to our office as well as his statement attesting to his non-employee status, bates stamp #**BREWINGTON 992-994. (Exhibit FF)**     Mr. Babcock provides tech and IT support for the Law Firm computer systems as a paid independent contractor. He does not receive a salary or wages from the law firm, and receives no benefits. Rather he has his own business, issues billing invoices for work he performs on the Law Firm's computer equipment, and they are paid. He is not on the Law Firm payroll, he can perform or not perform requests for assistance, he has no authority over any of the Law Firm employees, the Law Firm does not control the manner in which he performs his services for the Law Firm, he is not involved in the Law Firm's business of providing legal services, and his work is extremely skilled technical computer consulting work. And, in any event, he certainly does not work and provide computer services "for each working day in each of twenty or more calendar weeks" as required by the governing regulation. Mr. Babcock is not an employee.

## POINT III

### SHOULD THIS COURT DISMISS THE FEDERAL CAUSES OF ACTION, DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW CLAIMS

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, a district court has "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case." *Yaba v. Cadwalader, Wickersham & Taft*, 931 F.Supp. 271, 275 (S.D.N.Y.1996) (quoting *Cushing v. Moore*, 970 F.2d 1103, 1110 (2d Cir.1992)). "[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Because Plaintiff's federal claims are without merit, and because the matter is not brought under the Court's diversity jurisdiction, it is appropriate for the Court to dismiss the remaining state claims for lack of subject-matter jurisdiction. *See, e.g., New York Mercantile Exchange, Inc. v. Intercontinental Exchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") As only the state claims remain, the interests of justice and judicial efficiency dictate that such claims should be left to the appropriate state venue as opposed to this tribunal. *See Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Accordingly, Defendants respectfully request that this Court refuse to exercise jurisdiction over the state claims and counterclaims in the interests of justice and judicial efficiency.

## CONCLUSION

As stated above, Plaintiff fails to state a claim for which relief can be granted. Plaintiff's failure to allege that the Defendants are an "employer" for the purposes of Title VII warrants a dismissal of Plaintiff's complaint. Further, should only the state causes of action remain, the interests of justice, comity and judicial efficiency all lean toward the Court refusing to exercise supplemental jurisdiction over such claims. Indeed, the appropriate venue for the claims of assault, battery and sexual harassment in this matter, if at all, is a state court. In sum, Defendants

respectfully request that the Court dismiss Plaintiff's complaint in its entirety and grant all other

relief it deem just and proper.

Dated: Hempstead, New York
      September 20, 2023

                                Respectfully submitted,

                                LAW OFFICES OF
                                FREDERICK K. BREWINGTON

By:                    

                                *Co-Counsel for Defendants*
                                556 Peninsula Boulevard
                                Hempstead, New York 11550
                                (516) 489-6959

                                HAMBURGER & YAFFE, LLP
                                *Co-Counsel for Defendants*
                                181 New York Avenue
                                Huntington, New York 11743
                                (516) 695-8590

24