UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANA-SIMONE WILLIAMS,                              DOCKET NO.: CV-22-00983
                              Plaintiff,                                               (NJC)(AYS)

      - against -


THE LAW OFFICES OF FREDERICK K. BREWINGTON,
and FREDERICK K. BREWINGTON, in his individual
capacity and professional capacities, and PRECILLA
LOCKETT, in her individual capacity and professional
capacities,
                              Defendants.
------------------------------------------------------------------------X


# DEFENDANTS' THE LAW OFFICES OF FREDERICK K. BREWINGTON FREDERICK K. BREWINGTON, AND PRECILLA LOCKETT REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                    LAW OFFICES OF
                                    FREDERICK K. BREWINGTON
                                    *Co-Counsel for Defendants*
                                    556 Peninsula Boulevard
                                    Hempstead, New York 11550
                                    (516) 489-6959

                                    HAMBURGER & YAFFE, LLP
                                    *Co-Counsel for Defendants*
                                    181 New York Avenue
                                    Huntington, New York 11743
                                    (516) 695-8590


*Of Counsel: Frederick K. Brewington*
              *David Yaffe*

## PRELIMINARY STATEMENT

This Reply in Support of Defendants' Motion to Dismiss and Motion for Summary Judgment is provided to address matters asserted in Plaintiff's opposition to the motions. Those arguments provided and supporting documents as part of Defendants' moving papers are respectfully incorporated into this filing and Defendants will endeavor to avoid repeating arguments unless necessary to address a point or points raised by the Plaintiff.

## PLAINTIFF'S OBJECTION TO DEFENDANTS BRIEFING THE FAILURE TO PLEAD "15 OR MORE EMPLOYEES"

Counsel for Plaintiff starts their opposition off by asserting that the deficiency of the Complaint in this matter, which was pointed out by Defendants, is somehow an "attempt to circumvent an Order of the Court." To the contrary, Defendants' understanding is that the question of whether an entity is an 'employer' is a question of law" to be decided by the Court. *United States v. New York State Dep't of Motor Vehicles*, 82 F.Supp.2d 42, 46 (E.D.N.Y.2000) fully addressed that issue, which was to be preserved and to properly clarify the legal point. What is true is that Plaintiff did not plead that Defendants employed 15 or more employees during the relevant years no less for a period of 20 consecutive weeks. What is also true is that Defendants did not waive any arguments as to the current Amended Complaint and that it is, as currently constituted, lacking. No motion has been made to amend the complaint to include the specific allegation that would provide this Court jurisdiction and for good reason. That being the fact, Plaintiff knows that the claim now before the Court is not, and would not be an accurate claim. The law is clear that without such an allegation being contained in the pleading the issue of subject matter jurisdiction is real. This point was never waived and is properly before the Court.

Having seemingly abandoned claims that independent contractors, interns, externs and summer associates were employees of Defendants, Plaintiff now complains that "Defendant has continuously attempted to frustrate discovery and delay this action." Of course, this is a hollow and false claim as Defendants have been responsive, abided by, and addressed exactly what was required of them. From the disclosure of relevant information, sitting for deposition and providing responses to interrogatories, Plaintiff has been allowed the latitude to proceed. However, what has become apparent is that they want to pursue their false premise despite it being clear that doing so is futile. They even boldly claim, in conclusory fashion, that "it became clear that Defendant employed a minimum of 14 employees in more than 20 or more weeks in 2020 and 2021." While making this claim part of their "Preliminary Statement", what is absent in any of the papers submitted in opposition is any meaningful proof of same and response to the substantiated employment records and articulation of such proofs in the Defendants' initial moving papers. (See Defendants' Exhibits G-O and Q-FF)

**PLAINTIFF'S REQUEST FOR MORE DISCOVERY SHOULD BE DENIED**

Plaintiff seeks to use this motion as an application to challenge the fact that allowance was made for them to take a deposition, have interrogatories propounded, issue document demands, review documents and having conferences with the Court on discovery as not being enough. Instead, the Plaintiff now seeks more discovery, and lifts points which were previously raised and denied by the Court, all in an apparent desperate effort to manufacture a reason to avoid dismissal. For example, on November 28, 2022 and April 12, 2023 Magistrate Judge Anne Y. Shields, after hearing Plaintiff's requests and motions for more discovery, determined the information and the limited scope of same to be supplied to Plaintiff's counsel. Grasping at straws, Plaintiff not only mis-

characterizes the facts but also supplies her own a self serving declaration which is unsupported and unsupportable by any evidence. In fact, other than general conclusory statements nothing is provided by Plaintiff to refute the clear documentary evidence which supports Defendants' motion.

### OSCAR HOLT III AND STEVEN TANNENBAUM ARE NOT EMPLOYEES

Plaintiff strives to pretend that Attorney Oscar Holt III is an "employee", but ignores, even in their own quotes, that he was designated "Of Counsel". Ignoring the clear language of the Brewington Declaration ¶ 3 and Exhibit Q, Plaintiff seeks to turn Mr. Holt's status on its ear and manufacture facts that simply do not exist. In Exhibit Q, which was the 2018 memorandum introducing Mr. Holt to the firm, Mr. Brewington wrote to the entire staff, " Mr. Holt will be joining our office as a member of the legal staff in an of counsel role. Generally, what that means in the legal profession of the United States, is that of an attorney who has a relationship with a law firm, but is not an associate or a partner. The American Bar Association Formal Opinion 90-357, the term 'of counsel' is to describe a 'close, personal, continuous, and regular relationship' between the firm and counsel lawyer.'"[1]

The opinion identifies four common relationships in which the "Of Counsel" designation appropriately applies include:

1) the part-time practitioner, practicing in association with a firm, differently than the mainstream lawyers of the firm;

2) the semi-retired partner who remains associated with the firm and is available for selective matters;

3) the probationary partner-to-be recently joining a firm with the expectation of becoming partner after a relatively short period of time; and

---

[1] ABA Formal Opinion 90-357 at p. 2. (1990)

> 4) the lawyer with permanent status between that of a partner or associate who has "tenure" but lacks the expectation of promotion to full partner status.

Curiously, there is nothing argued by Plaintiff that addresses the fact that Mr. Holt was not being paid for any time during the catchment period and was not being otherwise compensated. Plaintiff also continues to reference the relationship of Mr. Holt as his "employment with the Firm", as if saying it over and over will change the facts. It does not change the facts, as Mr. Holt was never hired, never paid, controlled his own time, was a pure volunteer, and was never an "employee." Mr. Holt makes clear his status and then refutes that declaration of Plaintiff in his declaration, which is Reply Exhibit B.

Likewise, Mr. Tannenbaum is not and was never an employee and has served as co-counsel with our office on four matters. Nothing suggested by Plaintiff addresses the facts that Mr. Tannenbaum maintains his own practice, his own cases, his own time, and does nothing more than maintain a co-counsel arrangement on those limited cases. Mr. Tannenbaum makes clear his status and refutes the declaration of Plaintiff in his declaration, which is Reply Exhibit C.

**THE SELF SERVING DECLARATION OF PLAINTIFF SHOULD BE REJECTED**

Equally, unconvincing for this motion is the unsupported, self serving declaration of the Plaintiff that now alleges facts not pleaded and not true, which are contained nowhere in the record. "Self-serving affidavits are accorded little weight on summary judgment" *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (*citing Bryant v. Maffucci*, 923 F.2d 979, 982 [2d Cir.], *cert. denied.* 502 U.S. 849, 112 S. Ct. 152, 116 L. Ed. 2d 117 [1991]). Additionally, in *Goenaga*, the Court was clear that:

> Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat

summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor. The motion "will not be defeated merely ... on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The party opposing summary judgment may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, *L & L Started Pullets, Inc. v. Gourdine*, 762 F.2d 1, 3–4 (2d Cir.1985); *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983); *Curl v. IBM Corp.*, 517 F.2d 212, 214 (5th Cir.1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976), or "upon the mere allegations or denials of the adverse party's pleading," Fed.R.Civ.P. 56(e). *Goenaga* at 18.

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) Here, despite Plaintiff's efforts there is an absence of evidence, to support an essential element of the claim asserted under Title VII, which is that Defendant did not have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §2000(e)(b). This is not fixed by unsubstantiated claims that come from Plaintiff in her declaration. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir.1996). Neither is it remedied by the sweeping statements relating to Mr. Holt as offered in Plaintiff memorandum of law, such as "Holt has been a vital part of the Firm's business"; and "[t]hroughout Holt's employment with the Firm, Defendant has treated and exerted control over Holt the same as any other employee." (Plaintiff's MOL at p. 5) Plain and straight forward, "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element

of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (*quoting Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992) )

Nothing that Plaintiff argues addresses the undisputed documentary facts that Mr. Holt or Mr. Tannenbaum are not and were not employees. Neither are part of or even mentioned on any payroll documents. In fact, the multitude of generalized, false assertions in the Plaintiff's Declaration fall far short of creating admissible and supported evidence that can stand to defeat Defendants' motion for Summary Judgment. The declarations of Mr. Holt and Mr. Tannenbaum (Reply Exhibits B and C) supply non-party statements that address Plaintiff's unsupported claims. Reiterating the content of Plaintiff's self serving Declaration in the memorandum of law, does nothing to make the unsupported allegations true.

Never before in this litigation were Defendants faced with unpleaded facts as are presented by Plaintiff in her declaration. Those facts about Mr. Holt and Mr. Tannenbaum can only be described as uncorroborated fiction of a party seeking to create a material fact, where there really is none. "[U]nsupported allegations do not create a material issue of fact." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). While Defendants are seeing the claims being made about Mr. Holt and Mr. Tannenbaum for the first time in Plaintiff's opposition declaration, we ask the Court not to be pulled into the abyss, which this declaration seeks to create.

### PLAINTIFF'S IMPROPER MANIPULATION OF THE EMPLOYMENT RECORDS SHOULD BE REJECTED AND THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.

The controlling issue here is whether the Firm was an "employer" under Title VII in that it had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." As set out in the Brewington Reply Declaration and chart attached

6

as Reply Exhibit A, Plaintiff's claim that "Defendant employed 14 employees for 33 weeks in 2020 and 14 or more employees in 21 weeks in 2021" is simply wrong and not supported by the evidence. As explained in the Brewington Reply Declaration and as illustrated in Reply Exhibit A, Plaintiff goes through great efforts, even tortured extremes, to try and fit the proverbial square peg in the round hole in Plaintiff's Exhibit 12.

In trying to understand how Plaintiff was reading and interpreting the payroll records and the chart offered in Defendants' moving papers that allowed them to argue to the Court that Defendants had 14 or more employees for twenty or more calendar weeks in 2020 and 2021, we had to first examine their footnote 6 found on page 14 of their Memorandum of Law. In that footnote, Plaintiff takes liberties to misapply the payroll information and plan language of interrogatory responses and then piece meals an argument that leads to a false and unsupported conclusion that "gaps in between when certain employees started and ended their employment at the Firm in 2020 or 2021, **likely accounting for periods of time where those employees did not work or receive compensation**." (Emphasis added). Plaintiff's use of how the time periods when employees were not actually employed as "likely accounting for" time that they were actually employed but not being paid is just not supported by the law or the facts. What Plaintiff is doing is cobbling together a position, manufacturing facts and using factually distinguishable cases to conclude that, "[t]herefore each employee listed in Defendant's Responses to Plaintiff's Interrogatories counts as an employee of the Firm 'for each working day after arrival and before departure.'"*citing Walters*, 519 U.S. at 211.

Plaintiff's approach is flawed and not consistent with the undisputed proof which is before this Court. Rather than address the details provided in Defendants' Exhibits H-O, the Plaintiff, once again engages in a conclusory statements claiming that the "Defendant's tax documents clearly

7

reflect wages paid to employees in 2020 and 2021 and are unhelpful and should be disregarded." (Plaintiff's MOL at 15). Clearly, Plaintiff finds the tax documents "unhelpful" to their position, but that does not make them invalid to the search for the truth. What is a clear and shows the fallacy offered by Plaintiff's Exhibit 12 is a review of the Brewington Reply Declaration and Reply Exhibit A. By demonstrating to the Court and showing just what Plaintiff has attempted to do, the question of whether the Firm is an employer under Title VII is answered in the negative. The firm had no more than thirteen (13) employees meeting the requirements of Title VII in 2020 and no more than twelve (12) in 2021. Thus, it is not an "employer" under the statue.

Plaintiff goes on to take liberties to rewrite the statute and misinterpret its plain language to mean something different from what the cases cited by Defendants in their initial moving papers instruct. In doing so, Plaintiff fails to address the bulk of the Second Circuit case law which supports dismissal and the grant of Summary Judgment in this case. Instead of following the applicable law in this District, this Circuit or any court in the Second Circuit, Defendants reach to Pennsylvania and South Dakota for District Court cases that are not controlling. In fact, in the *Park v. Woodbridge Golf Club, Inc.,* No. 11-cv-0562, 2016 WL 8716606 (E.D. Pa. July 22, 2016) case it was determined that the employer there operated very differently from Defendant in this case. In *Park* the employer did not "routinely operate on a traditional five-day, Monday through Friday workweek. Instead, when the weather permits, the golf club opens for operation each day of the week." *Park* at *3 The seasonal aspect of that employment environment was a consideration for the *Park* Court. In the other case offered by Plaintiff, *Pawlowski v. Scherbenske*, 891 F.Supp.2d 1077 (D.S.D. 2012), that Court evaluated the claims in that case under the ADA, a different statute with different parameters. However, that Court, in granting Defendant's Summary Judgment motion ruled that:

8

...under [the plaintiff's] interpretation of the definition of "employer," an employer could employ 8 employees for the first 32 weeks of the year, and 7 new and different employees for the second 20 weeks of the year and meet the numerosity requirement. Counting the number of employees who worked twenty weeks or more, one would add up 15 such individuals under the above example. This result would ensue despite the fact that the employer never had 15 persons on the payroll at any given time. This is clearly not what Congress intended when it defined the term "employer." The 15–employee threshold was meant to eliminate very small employers from the reach of federal antidiscrimination laws. *Clackamas*, 538 U.S. at 441, 123 S.Ct. 1673. Congress defined "employer"in such a way as to preclude application of the law to employers who had 14 or fewer employees on their payrolls for 33 or more weeks of the year. Defendants fit that description. *(Pawlowski* at 1087-88)

What the Plaintiff did in *Pawlowski* is exactly what Plaintiff is attempting to do here. By elongating the time periods of employment by filling in time when persons were not in any employment relationship or any continued employment relationship with the Firm. What is being pressed here by Plaintiff is contrary to the intent of Congress and also not supported by the facts in this case. However, Plaintiff here cannot be any more successful than the plaintiff in that case, where the Court ruled that defendants were not an "employer" subject to ADA, and it was not appropriate to exercise supplemental jurisdiction over employee's state law claims.

Accordingly, if the Title VII claim is dismissed, we respectfully request that this Court decline to exercise supplemental jurisdiction of any state law claims that may exist in this case. 28 U.S.C. § 1367( c) provides in part that the Court may decline to exercise supplemental jurisdiction when "(3) the district court has dismissed all claims over which it has original jurisdiction." This subsection is permissive rather than mandatory. *See generally Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). "The proper scope of the district court's discretion, however, is not boundless." *Valencia ex rel. Franco v. Lee*, 326 F.3d 299, 305 (2d Cir. 2003) In light of the facts of this case, as "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

9

under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)

## CONCLUSION

Dismissal and Summary Judgment are warranted in this case. Plaintiff's failure to provide any proof that Defendants are an "employer" for the purposes of Title VII warrants a dismissal of Plaintiff's complaint. Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety, decline to exercise supplemental jurisdiction over any state law claims, and grant all other relief it deems just and proper.

Dated: Hempstead, New York
      November 3, 2023

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON
By: _____
*Co-Counsel for Defendants*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

HAMBURGER & YAFFE, LLP
*Co-Counsel for Defendants*
181 New York Avenue
Huntington, New York 11743
(516) 695-8590